UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          CR. NO. 22-20458

     v.                                  HON. BERNARD A. FRIEDMAN

CHRISTOPHER ROBERTSON,

        Defendant.

_____/

## **DEFENDANT'S SENTENCING MEMORANDUM**

      Christopher Robertson pleaded guilty to unlawfully possessing a gun. The guidelines range is 15 to 21 months. But respectfully, prison is not the answer here. Mr. Robertson is a combat veteran, with family responsibilities and admirable employment history. He needs alcohol treatment and is best served by community treatment. Jaelle Richardson, a specialist at the defender office, has found an appropriate treatment facility. We ask for Mr. Robertson to be sentenced to time served, and a term of supervised release with strict conditions that he comply with treatment. Ultimately, such an approach will be better not only for Mr. Robertson, and his family, but the community as a whole.

      **1.  Mr. Robertson's History and Characteristics**

      Mr. Robertson graduated high school in 2003, where he played basketball and football and ran track. He had a promising future. He joined the army in 2004, shortly

after the United States invaded Iraq. He was sent to Iraq for a full year, from November 2005 to November 2006, an intense time during the war. Insurgent forces had grown stronger in 2004, leading the United States to launch counteroffensives.

Combat affected Mr. Robertson severely. He struggled while still overseas, and ultimately was discharged for misconduct in 2008. He returned to civilian life at age 23 damaged. Worse yet, the same year he returned, his son died from Sudden Infant Death Syndrome (SIDS). Returning from combat and losing a son proved too much. After his son died, he "began consuming alcohol heavily and realized he had a problem when he began blacking out." PSR ¶ 48.

Sadly, Mr. Robertson's experience is prevalent in combat veterans. Compared to non-veterans, veterans are more likely to use alcohol and to report heavy use of alcohol. (Ex. 4, Study, at 3.) Moreover, combat exposures creates a significantly greater risk of binge drinking relative to other military personnel, and "negative consequences from alcohol use (e.g., interpersonal, legal, and professional) are about twice as likely among binge drinkers relative to non-binge drinkers." (*Id.*)

In addition, use of sedative substances is significantly higher in fathers, like Mr. Robertson, who lose a child because of SIDS. J.C. Vance, et al., *Alcohol and drug usage in parents soon after stillbirth, neonatal death or SIDS*, 30 J. PEDIATRICS & CHILD HEALTH 269 (1994), https://perma.cc/4KLF-6652.

Mr. Robertson's binge drinking landed him in trouble with the law for the first time in his life. From 2009 to 2014, he incurred a conviction for selling marijuana and attended substance abuse treatment; he fought with his ex-partner and threw a brick at a windshield; and he received a domestic violence conviction for damaging his girlfriend's car and pushing her. He is in criminal history category II.

2. **Circumstances of the Offense**

This offense was undoubtedly serious. But the Court should consider Mr. Robertson's prompt guilty plea, and that the conduct is aberrant behavior tied to his alcohol problem. Furthermore, the community supports sentences lower than the firearm guidelines. *See* Hon. James Gwin, *Juror Sentiment on Just Punishment,* 4 Harv. L. & Pol'y Rev. 173, 187–88 (2010) (finding that real jurors believed range was "almost three times higher" than necessary). And certainty of being caught deters crime more than length of sentence. DOH, *Five Things About Deterrence* (2016), https://perma.cc/T5VW-G789. Imposing a guidelines sentence will not significantly increase the deterrent effect of this sentence on Mr. Robertson or others.

3. **Potential for positive rehabilitation**

Despite his alcohol problem, Mr. Robertson has strong potential to be a positive member of the community. Before this offense, he had not received a criminal conviction in nearly 9 years, with his last offense in 2014.

3

Mr. Robertson also has a strong work history, holding a job at Benihana restaurant in Troy, Michigan, for nearly seven years, from 2015 until his arrest in 2022. Leon Lee, a restaurant manager, praised Mr. Robertson's work performance and confirmed that he has been promoted during his work there. He states that Mr. Robertson "always perform[s] to his best ability" and has a "positive influence" at work and among Benihana staff. (Ex. 3, Lee Letter.)

Mr. Robertson plays a positive role in his personal life, too. He lived with Tiffany Capers before his arrest and her six children. Ms. Capers is a manager at a local McDonalds and is very supportive of Mr. Robertson. (*See* Ex. 1, Tiffany Capers Letter.) She talks to him frequently while he is in custody. She will provide Mr. Robertson will a place to live after he completes treatment. She explains:

> Before Christopher came into my life I was a single mother raising 6 children alone. Chris came into my life and gave my children a father figure and a strong good man to look up to. Christopher has made this journey a little bit more bearable for me and my children. He's a very positive part of many people's lives. The day before this unfortunate incident Christopher took the whole family on a surprise trip to Cedar Point. Every year Christopher if he is able to donate to the charitable Toy for Tots.

Ms. Capers's daughter describes how Mr. Robertson is like a father to her. (Ex. 2, Aaliyah Capers Letter.) She is studying to become a medical assistant. She says that Mr. Robertson stepped up and filled the void left when her biological father abandoned her. She explains, "Christopher is the dad that my siblings and I never had as kids– all of our dads aren't in our lives." She adds:

4

>He taught my brother, Nicholas, and I how to change a tire. He taught my little brothers, King and Tabari, that their actions have consequences. He taught my sister, Elysha, and I how men are supposed to treat us. He has gone above and beyond for us on many occasions. He's the one that bought me my first car at the age of sixteen then turned around and gave me another one when I turned seventeen. He bought my brother a six hundred dollar motorbike. He put all three of my brothers into football. He helped me influence my mom to let up on us because she was too strict. When I wanted to learn how to drive, he taught me how to drive in the only car that he had. He was our biggest cheerleader.

She concludes, "There is no excuse for his actions but when you sentence him for his crime please keep in mind that Christopher is a hardworking and giving man that tries his best to do the right thing."

Custody would be difficult for Mr. Robertson because of his health issues. After his arrest in this life, he was diagnosed for the first time with diabetes. PSR ¶ 44. He also suffers high blood pressure. *Id.* He has expressed repeatedly to counsel that his goal is to re-enter the community, get his health in order (both in terms of substance abuse and his diabetes), and provide for his family.

Community treatment will allow more effective rehabilitation than prison. It will allow Mr. Robertson to obtain treatment in the natural context of his life, while working, and to retain beneficial social ties to their communities, like Mr. Robertson has with Ms. Capers, her children, and his own daughter. *See* Vera Institute, *The Potential of Community Corrections to Improve Safety & Reduce Incarceration* 4–5 (2013), https://perma.cc/D2V3-KJEE.

5

Mr. Robertson recognizes the importance of getting treatment. He wants to go to inpatient treatment as soon as he is released from custody. He has worked with Ms. Richardson to complete at intake with Detroit Wayne Integrated Health Network (DWIHN) and secure a bed at Sacred Heart, an inpatient substance abuse and mental health treatment facility in Richmond, Michigan. He has an appointment at Sacred Heart for March 15, 2023, at 9:45 AM. If this Court allows him to attend, the length of the inpatient program will be determined by the clinical staff.

Upon discharge, Mr. Robertson is prepared to make major life changes and continue community treatment. He would work with his treatment team at Sacred Heart to create an outpatient treatment plan. This could involve intensive outpatient therapy, including three-hour group therapy session, three days per week, or weekly individual therapy sessions.

Mr. Robertson intends to follow all treatment recommendations. He plans to rely on his support system and to avoid situations that trigger his desire to drink. He has spent a lot of time brainstorming positive things he can do to stay on the right track. He plans to get a gym membership as a healthy way to address stress. He plans to focus on other things he enjoys, such as time with family. He acknowledges the impact his addiction has had on his life and the lives of people he loves. He desperately wants to stay sober so he can take better care of his medical needs and

ensure that he makes better decisions in the future. He is motivated to do what it takes to be successful.

## Conclusion

Mr. Robertson respectfully asks for a time served sentence and placement in an in-patient treatment facility as a condition of supervised release.

                                                Respectfully submitted,

                                                <u>/s/ Benton C. Martin</u>
                                                Attorney for Christopher Robertson
                                                613 Abbott Street, Suite 500
                                                Detroit, Michigan  48226
                                                313-967-5832
                                                benton_martin@fd.org

Date:  March 6, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  CR. NO. 22-20458

v.                             HON. BERNARD A. FRIEDMAN

CHRISTOPHER ROBERTSON,

        Defendant.
_____/

CERTIFICATE OF SERVICE

    I hereby certify that on March 6, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send a copy to opposing counsel. I also am sending a copy to the probation officer.

                                          s/ Benton C. Martin
                                          Attorney for Christopher Robertson
                                          613 Abbott, Suite 500
                                          Detroit MI 48226
                                          Phone: 313-967-5832
                                          benton_martin@fd.org