UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMEERICA,

    Plaintiff,

vs.

                                          Criminal No. 22-cr-20458

                                          HON. BERNARD A. FRIEDMAN

CHRISTOPHER ROBERTSON,

    Defendant.
_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

### I.    INTRODUCTION

    Christopher Robertson's uncontrolled alcohol problem led him to discharge a firearm in a populated area as a way to blow off steam following an argument over the phone with his child's mother. Had Robertson obeyed the law, as a convicted felon, he never would have possessed the firearm in the first place. Robertson has been detained since his appearance in this matter and has not been able to participate in in-patient or intensive outpatient treatment. One thing is clear: so long as his alcohol problem is uncontrolled, he is a danger to himself and others.

Robertson's guidelines range is 15 to 21 months. After considering the factors set forth in 18 U.S.C. § 3553(a), the government recommends a sentence that, in addition to any term of imprisonment imposed by the court, includes mandatory substance abuse treatment and intensive alcohol monitoring.

## II.  STATEMENT OF FACTS

On August 24, 2022, at approximately 4:00 am, Detroit Police Department (DPD) officers were dispatched to a residence on Fenmore Street Detroit, MI. Upon arriving at the scene, responding officers heard approximately 5-6 gunshots being fired near their location. Witnesses contacted the Detroit Police Department and advised they could see the shooter, later identified as Christopher Robertson, firing multiple shots out of the window of a residence near that location on Southfield Freeway.

Officers used a loudspeaker to order the occupants of the Southfield Freeway home to exit the residence. Robertson exited the building and was subsequently arrested by officers. Officers also ordered the remaining occupants, (one adult and six juveniles) to come out of the residence. The remaining occupants complied and exited the home.

Witnesses near the scene identified Robertson as the person that was shooting inside and outside of the residence. Officers conducted a protective sweep of the Southfield Freeway residence. During the protective sweep, officers observed a case of 9mm bullets and a loaded firearm magazine laying on top of a bed in the northwest bedroom.

Shortly after, officers obtained a search warrant for the residence. During the execution of the search warrant, officers recovered a Sig Sauer, model P226, 9mm, semiautomatic pistol, seven spent 9mm bullet casings, a Sig Sauer magazine containing four rounds of ammunition, and a partially empty fifty-round box of 9mm ammunition that contained 16 live rounds of ammunition.

Robertson was previously convicted of felonies for marijuana delivery and destruction of property.

### III.   SENTENCING GUIDELINES

The United States Probation Department, the government, and defense counsel calculated the guideline range as 15 to 21 months. PSR ¶ 58.

## IV. LAW AND ARGUMENT

The government is requesting a sentence that, in addition to any term of imprisonment imposed by the court, includes mandatory substance abuse treatment and intensive alcohol monitoring.

### A. Nature and circumstances of the offense and history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1)

Because of his prior felony convictions, Robertson can never legally possess a firearm. The circumstances surrounding his offense prove that restriction is warranted. Mr. Robertson's military service in combat is commendable yet likely took a great toll on his psyche. Further, the trauma he experienced through the death of his child was surely immense and is truly tragic. So, it is logical that those things spurred Mr. Robertson to develop an anger management and alcohol problem. But it is incumbent upon him to distance himself from firearms and seek help for his psychological issues instead of self-medicating with alcohol.

B. **Seriousness of the offense, to promote respect for the law, and provide just punishment, 18 U.S.C. § 3553(a)(2)(A)**

The facts of this case demonstrate just why Possession of a Firearm by a Felon is such a serious offense. Firearms are designed to cause serious bodily harm or death, and so society demands that those who wield firearms be equipped with judgment and self-control. Mr. Robinson lacked both of those things when he decided to discharge a firearm multiple times in a residential area within the city of Detroit. While there is nothing to suggest that Mr. Robertson intended to harm anyone, he put his desire to feel good after shooting off his gun above the safety and peace of mind of everyone around him. This behavior is the antithesis of those qualities required of gun owners. The sentence in this case should reflect the gravity of Mr. Robertson's actions and compel him to avoid firearms in the future and to seek treatment for the underlying trauma which has allowed his alcoholism and poor impulse control.

### C. Provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, 18 U.S.C. § 3553(a)(2)(D)

The most glaring issue presented in Mr. Robertson's case is that his crime of discharging the firearm was precipitated by drinking. Mr. Robertson's excessive drinking appears to be in response to untreated psychological trauma. Without treating the underlying trauma, without treating the substance abuse, Mr. Robertson is not in control. He remains at the mercy of his impulses, as destructive as they may be, despite how peaceful he has been described when he is sober.

The sentence in this case should focus heavily on assessing Mr. Robertson's psychological and medical needs so that the court can ensure that Mr. Robertson develops pro-social coping skills to deal with stressors instead of resorting to anger and impulsiveness. Mr. Robertson's transition from imprisonment should include sufficient treatment, monitoring, and restrictions to prevent relapse and improve his trajectory going forward.

## V.   CONCLUSION

The government moves this Honorable Court to impose a sentence that, in addition to any term of imprisonment imposed by the court, includes mandatory substance abuse treatment and intensive alcohol monitoring.

                                  Respectfully submitted,

                                  DAWN N. ISON
                                United States Attorney

                                <u>s/Michael Taylor</u>
                                Michael Taylor
                                Assistant United States Attorney
                                211 W. Fort Street, Suite 2001
                                Detroit, MI 48226-3211
                                (313) 226-9516
Dated: March 7, 2023                michael.taylor3@usdoj.gov

## Certificate of Service

I hereby certify that on March 7, 2023, I caused the Sentencing Memorandum for the United States to be electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants of record.

<u>s/Michael Taylor</u>
Michael Taylor
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3211
(313) 226-9516
michael.taylor3@usdoj.gov